IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUGENE ECHOLS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 07 C 2812 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Eugene Echols has moved for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2414 (EAJA). For the reasons set forth below, the Court grants Echols' motion.

Echols brought this action to appeal from the denial of his application for various Social Security benefits. The Court concluded that the ALJ presiding over Echols' claim made several errors and remanded the case for further proceedings. *See* Oct. 20, 2008 Memo. Op. & Order, Dkt. No. 37. Specifically, the ALJ "did not fully articulate how she derived all of Echols' functional limitations." *Id.* at 14. The ALJ also failed to comply with Social Security Ruling (SSR) 00-4p in violation of Seventh Circuit precedent. *Id.* at 15-17. The Court presumes general familiarity with its October 2008 ruling. As a result of his success on appeal, Echols now moves for attorney's fees pursuant to the EAJA.

**Discussion**

"The EAJA provides that a district court may award attorney's fees where 1) the claimant is a 'prevailing party'; 2) the government's position was not substantially justified; 3) no 'special circumstances make an award unjust'"; and 4) the application is timely. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (quoting 28 U.S.C. § 2412(d)). The Commissioner challenges the second element of the EAJA test, contending that its position in this litigation was substantially justified. Additionally, in the event that the Court awards fees, the Commissioner contends that the amount fees requested by Echols should be reduced.

**1.      Substantial justification**

"Although there is no presumption that a prevailing party against the government will recover attorney's fees under the EAJA, . . . the government bears the burden of proving that its position meets the substantially justified standard." *Id.* at 1079 (internal citation omitted). The Commissioner's position before the ALJ and in this Court are both relevant to this determination. 28 U.S.C § 2412(d)(2)(D). A position is substantially justified if it has a "reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

As noted above, the Commissioner took positions on two issues with which the Court disagreed, forming the basis for remand. The first error was that the ALJ failed to fully articulate the reasons for her determinations regarding Echols' functional limitations. For instance, the ALJ failed to explain why she rejected evidence that did not support her conclusions. The Commissioner was substantially justified in seeking to

uphold that determination, even though it contained an incomplete analysis of certain aspects of Echols' claims and evidence. *See Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992). In *Stein*, the Seventh Circuit concluded that an ALJ's failure to completely articulate "his assessment of the evidence" did not mean that the government's position was not substantially justified in an action stemming from the denial of social security benefits. *Id.* In its holding, the Seventh Circuit noted that the level of articulation required "is far from precise" and that there was some evidence in the record to support the ALJ's determination. *Id.* Likewise in the instant case, the ALJ's failure to address certain evidence and to properly set out all the reasons for her determination does not render the Commissioner's position not substantially justified.

The ALJ's failure to apply the correct legal standard, however, presents a different situation. The Commissioner conceded that the ALJ failed to comply with SSR 00-4p, in violation of binding precedent. *See Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006). Unlike the ALJ's failure to articulate, the Commissioner recognized that the ALJ had incorrectly applied the applicable standard but nonetheless sought to uphold the ALJ's determination. *See, e.g.*, *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996) (agency finding in violation of agency's own regulation was not substantially justified); *Washington v. Hecker*, 756 F.2d 959, 962 (3d Cir. 1985) ("When the government's legal position offends established precedent, however, its position cannot be said to be 'substantially justified.'"). Though the Commissioner attempted to categorize this error as harmless, that argument was based on speculation regarding the meaning of a witness' testimony. Accordingly, the Court concludes that the

Commissioner's position was not substantially justified and Echols is entitled to attorney's fees pursuant to the EAJA.

**2.      Reasonableness of attorney's fees**

The Commissioner also contends that Echols has failed to establish that his requested attorney's fees are reasonable. Specifically, the Commissioner opposes the number of hours spent on this case by Echols' counsel, as well as the number of individuals that worked on it and billed their time. The Commissioner has not challenged the reasonableness of the hourly rates.

Despite the Commissioner's contentions to the contrary, Echols has established that the attorney's fees he seeks are reasonable. Those fees are based on 43.7 hours of attorney time and 30 hours of law clerk time, for total time billed of 73.7 hours.[1] The Court disagrees with the Commissioner's contention that the total time spent by Echols' counsel was unreasonable. Though this case did not involve any ground-breaking legal issues, it was necessary for Echols' counsel to determine whether grounds for appeal existed, review an 800-page administrative record, conduct legal research on at least four claims of error, and prepare briefs. The amount of time spent on each of these tasks, set forth in an itemized exhibit to Echols' motion, was reasonable. A number of district judges within the Seventh Circuit have reached similar conclusions. *See* Pl.'s Resp. to the Commissioner's Opposition at 12 (collecting authority).

The Commissioner also challenges the number of professionals that worked on this case, two lawyers and two law clerks. Reviewing the bills submitted by Echols, the

---

[1] The two law clerks that worked on this case had already earned their law degrees.

4

Court concludes that there was no duplication of work performed. Though in some instances multiple individuals worked on the same brief, that does not render the fees requested inherently unreasonable. The total time spent by the Echols' counsel on these briefs was not excessive, and the quality and effectiveness of briefs frequently improves by having a fresh set of eyes look at them. Moreover, Echols' counsel's utilization of law clerks to complete over forty percent of the work on this case reflects sensitivity towards having individuals with lower billing rates perform work whenever possible. Considering the totality of the circumstances, Echols has established that the time spent by his counsel was reasonable.

## Conclusion

For the reasons stated above, the Court grants Echols' motion for attorney's fees [#39]. The Court awards attorney's fees in the amount $11,280.75.

```
                                    _____
                                            MATTHEW F. KENNELLY
                                            United States District Judge
```

Date: July 21, 2009